ANTHONY *v.* LOUISVILLE & N. R. Co.[1]

(*Circuit Court, E. D. Missouri.* March 29, 1886.)

1. CARRIERS—OF PASSENGERS—RAILROADS—NEGLIGENCE.
    It is the duty of railroad companies to use the best mechanical appliances, and to exercise the highest degree of prudence and skill, to determine that all their appliances are safe for purposes of transportation, and in case an accident results from a failure to use such appliances, or to exercise the proper degree of care and skill, they are liable in damages.[2]

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.
[2] See note at end of case.

2. SAME—RAILROAD NOT AN INSURER.

A railroad company is not an insurer, however, and where an accident happens in consequence of a latent defect in a rail or other appliance, which could not have been discovered by any degree of intelligence, prudence, or skill, it is not liable.

3. DAMAGES—PERSONAL INJURY.

Where a passenger meets with an injury in consequence of the negligence of a railroad company, he is entitled to compensation therefor, including all expenditures made in consequence of the injury, together with loss of time, and proper allowance for any special mental or physical suffering; and in assessing damages, the jury should consider whether the injury is permanent or temporary.

At Law. Suit for damages. The plaintiff states in his petition that, while being transported by the defendant over its road, the car in which he was riding was thrown from the track, through the defendant's negligence, and that he received a serious bodily injury, for which he asks damages. Answer denying negligence, and alleging that the car on which the plaintiff was riding when hurt was thrown from the track by a rail broken by the preceding cars of the train, and that the rail broke because of a concealed defect, which could not have been discovered by inspection. The evidence was conflicting.

*Nathan Frank*, for plaintiff.

*Henry W. Bond*, for defendant.

TREAT, J., (*charging jury orally.*) The principles of law governing cases of this character are very few and very simple. A passenger on a railroad train has a right to suppose that all the appliances connected with his transportation are such as the highest degree of human skill and prudence could furnish. If he meets with an injury through the fault of the railroad company, he is entitled to compensation therefor, including all the expenditures by him made in consequence of said injury, together with his loss of time, and a proper allowance for any special suffering to which he may have been put, mentally or physically; and also the jury will take into consideration whether the injury is permanent or temporary. Now, in this case, it seems—and it is for you to determine, gentlemen, in the light of the testimony—that the injury was caused by a defective rail, while this train on which the plaintiff was a passenger was running at such rates of speed as has been presented to you, when this rail was hit. It is the duty of a railroad company to exercise the highest degree of prudence and skill to determine that everything is safe for transportation. If an accident happens in consequence of a failure to exercise that degree of skill and prudence, the company is responsible for what may happen. On the other hand, a railroad company, like an individual, can do nothing more than to exercise all the skill and diligence known for the purposes of its employment, and having done so, if there is a latent defect,—a concealed defect,—which that degree of intelligence, prudence, or skill cannot detect, it is not responsible for what may happen. In other words, a railroad company

is not an insurer, and while it is not an insurer that the passengers shall be transported with perfect safety, it is bound, on the other hand, to exercise all of the skill and prudence known to the highest order of intelligence connected with such matters. If this is done, and an accident occurs, it has discharged its duty. It is unfortunate that some one should suffer, but the measure of duty having been discharged as thus stated, by the railroad company, the loss must fall where it unfortunately has fallen.

Consequently, this case has seemed to the court all the way through to turn on one question, mainly, viz., the character of the rail. Was it a rail not fit to be used, and could the company have known it, for the purposes for which it was used. If it could, the company was liable for the injury that was caused by the use of such an improper rail. *Second,* if it were originally fit for the purposes used, and through some cause or other it had become defective, and the company could have detected that defect, and the injury was caused, still the company is liable. I put a great many questions, because it did not seem clear to my mind,—though I am not to determine that, and the jury are to determine it,—as to what was the character of the rail itself, and what were its connections with the adjoining rails.

Ordinarily, as stated by the witnesses here, under our modern contrivances for safety, rails on a track are not only fastened by what are known as "chairs" and "ties," but also by fish-plates. I endeavored to ascertain, if possible, the condition of these fish-plates, so that after the accident it might be determined whether there were fish-plates at either end of this short rail. It is for you to say with regard to that. It does not become the court to comment on the testimony. It must suffice for the purposes of this case, so far as the court is concerned, that this accident happened. You have heard the testimony as to how it happened. You have heard the effect upon this rail, broken into sections of several pieces; and if that rail was fit for the work, and the exercise of the highest degree of care and attention on the part of this railroad would not have enabled it to detect that it was unfit, as it turned out to be, then the company is not liable. If it was unfit, and they knew it, or by extreme care and skill could have found that it was unfit when the injury occurred, then the company is liable. So, practically, the question is, was this a latent defect, which could not be detected by the company? If it was, the company is not liable; if it were otherwise, then the company is liable.

Take the case gentlemen.

**Verdict for the defendant.**

### NOTE.

It is the duty of a carrier of passengers to exercise extraordinary care and caution. Raymond v. Burlington, C. R. & N. Ry. Co., (Iowa,) 21 N. W. Rep. 495.

One whose presence on a railway train is not wrongful, may recover for injuries

caused by the negligence of the carrier, although he was not a "passenger," in the ordinary sense of the term. Gradin v. St. Paul & D. Ry. Co., (Minn.) 14 N. W. Rep. 881.

A person who travels on a railroad train on the ticket of another, contrary to the rule of the company printed on the ticket, and without the consent of the company's agent, perpetrates a fraud, and in case of his receiving injuries during the trip the law of common carriers cannot be invoked to make the company responsible. Way v. Chicago, R. I. & P. R. Co., (Iowa,) 19 N. W. Rep. 828.

The right which a passenger by railway has to be carried safely does not depend on his having made a contract for carriage; the fact of his being there creates a duty on the part of the company to carry him safely. Austin v. Great Western Ry. Co., 15 Wkly. Rep. 863; Waterbury v. New York Cent. & H. R. R. Co., 17 Fed. Rep. 671; Story, Bailm. § 592 *et seq.;* Thomp. Carr. 20 *et seq.*

The railroad company is bound to make reasonable provisions for the safety of all passengers; and for a failure of this duty the passenger may maintain an action against it as for pure tort. Berringer v. Great Eastern Ry. Co., 4 C. P. Div. 163; Foulkes v. Metropolitan Dist. Ry. Co., Id. 267; Johnson v. West Chester, etc., R. Co., 70 Pa. St. 357.

It is said that it has always been the law that a carrier who inflicted an injury on a passenger may be sued in tort. Ansell v. Waterhouse, 2 Chit. 1; S. C. 6 Maule & S. 385; Bretherton v. Wood, 6 J. B. Moore, 141; S. C. 3 Brod. & B. 54; Bank of Orange Co. v. Brown, 9 Wend. 85; M'Call v. Forsyth, 4 Watts & S. 179; Pennsylvania R. Co. v. Peoples, 31 Ohio St. 537; Heirn v. M'Caughan, 32 Miss. 17; Cregin v. Bro )klyn, etc., R. Co., 75 N. Y. 192; Saltonstall v. Stockton, Taney, 11; Frink v. Potter, 17 Ill. 406; New Orleans, etc., R. Co. v. Hurst, 36 Miss. 660; Ames v. Union Ry. Co., 117 Mass. 541.

It is said that any negligence on the part of a carrier using so dangerous an agency as steam is culpable or actionable, (The New World v. King, 16 How. 469,) even though the person be carried gratuitously; for the principle applicable to such cases, it has been well said, is: "If a man gratuitously untertakes to do a thing to the best of his skill, when his situation or profession is such as to imply skill, the omission of that skill is imputed to him as gross negligence." Shiells v. Blackburne, 1 H. Bl. 158; Wilson v. Brett, 11 Mees. & W. 113; Nolton v. Western R. Corp., 15 N. Y. 444; Siegrist v. Arnot, 10 Mo. App. 198.