Nellie Watson, Respondent, v. Chicago Great Western Railroad Company, Appellant.*

Kansas City Court of Appeals.   May 24, 1926.

*Corpus Juris-Cyc References: Carriers, 10CJ, p. 1034, n. 42; p. 1094, n. 21, 22; Evidence, 22CJ, p. 69, n. 44; Negligence, 45CJ, p. 1085, n. 12; p. 1163, n. 69; p. 1198, n. 74; p. 1225, n. 83.

*S. C. Greathouse, Duvall & Boyd* and *Miles Elliott* for respondent.

*Brown, Douglas & Brown* for appellant.

ARNOLD, J.—This is an action in damages for personal injuries.

Defendant is a corporation engaged in the business of operating within the State of Missouri, and elsewhere, a railroad as a common carrier of passengers for hire.

On June 29, 1924, plaintiff, with her husband, was a passenger for hire on one of defendant's passenger trains from Minneapolis, Minn., to St. Joseph, Mo., and on said morning at about 7:30, the said train was derailed and wrecked near the town of Parnell, Nodaway county, Mo. The chair car, or day coach, in which plaintiff was riding, left the track and went down an embankment on the east side thereof, approximately ten to twelve feet where it came to a stop, partially buried in mud and water, in the ditch. Immediately preceding the derailment, plaintiff and her husband were seated on the west side of the coach. The husband extricated plaintiff and himself from the predicament by breaking a window of the coach and climbing out; whereupon they went through a fence into a pasture where they remained for about an hour when they were taken to a house in the town of Parnell. Late in the afternoon, they were taken to St. Joseph on a relief train. The wreck was serious, one man being killed outright and others injured more or less seriously.

Plaintiff claims that her left wrist, right ankle and leg and her left leg were bruised and injured and that after reaching St. Joseph, she manifested extreme nervousness. The petition charges negligence as follows:

"That on or about the 29th day of June, 1924, plaintiff became and was a passenger for hire on a passenger train of defendant; and that while she was so a passenger for hire on defendant's said train at a point near defendant's station of Parnell, in the State of Missouri, defendant's said train was by reason of the negligence of defendant caused or permitted to leave the track and to be wrecked, whereby and as a direct result whereof plaintiff was seriously and permanently injured in this:"

Judgment is asked in the sum of $2999.99. Defendant filed answer and thereafter, by leave of court, filed an amended answer and plea in abatement. Upon the pleadings thus made, the cause went to trial to a jury. The verdict and judgment were for defendant. A motion for a new trial was timely filed and sustained by the court upon the ground that the court erred in giving instruction "N." To this ruling of the court in granting a new trial, defendant excepted and perfected its appeal to this court.

The only point presented for our consideration on this appeal is the alleged error of the trial court in giving said instruction "N" which is as follows:

"The court instructs you that the burden rests upon the plaintiff throughout the entire case to prove by the preponderance or greater weight of all the credible evidence to your reasonable satisfaction, each and every fact necessary to authorize a verdict in plaintiff's favor, under the instructions of the court, and unless plaintiff has proven such facts by such preponderance or greater weight of the evidence, you must find your verdict in favor of the defendant."

It is urged by defendant that the said instruction was proper, for the reason that plaintiff sought to recover under the doctrine of *res ipsa loquitur*. No specific acts of negligence were alleged; she merely alleged that she was a passenger upon defendant's train, and that by reason of the negligence of defendant, the train was derailed and she was thereby injured; that plaintiff, by the evidence in her behalf, accomplished nothing more than to prove that she was a passenger, that the train was derailed, that she was injured and the nature and extent of such injuries. And these facts are not controverted.

By a number of witnesses, defendant attempted to prove that the derailment was caused by the breaking of a casting in a switch stand as the train was passing over the point of the switch; that the said switch stand was of an improved pattern in general use by railroads throughout the country; that it was in perfect working condition immediately before the derailment, and that there was no known cause why it should have been broken; that a similar casting had never been known to break in the history of railroading, and that there was no way by which defendant could have known that the casting might, or could, break, and no way defendant could have guarded against the accident. There was no rebuttal of this evidence, and no attempt to show any specific acts of negligence on the part of defendant.

As stated, plaintiff alleged no specific acts of negligence, but generally alleged negligence. Under the well-established rule in this State, general allegations of negligence are permitted, where the plaintiff, not being familiar with instrumentalities employed by the defendant has no specific knowledge of the negligent act causing the injury, the doctrine of presumptive negligence may be applied. This case comes under the doctrine of *res ipsa loquitur*. The rule is, further, that if the petition discloses that plaintiff is sufficiently familiar with the exact negligent act. or acts causing the injury to enable him to plead them specifically, the doctrine of presumptive negligence does not apply and plaintiff must prove the negligent act as pleaded. [Porter v. Lt. Heat & Power Co., 277 S. W. (Mo.) 913.]

The parties agree that the petition herein charged only general negligence. The case just cited (opinion by WALKER, J.), is the last

utterance of the Supreme Court upon the point under discussion. In that case a situation almost identical with the one at bar arose. The plaintiff was a passenger on a street car operated by defendant when it collided with a truck and plaintiff was injured. As in the case at bar, the petition alleged only general negligence, and, as here, no attempt was made to prove specific negligent acts. The plaintiff, as here, filed a motion for a new trial which was sustained upon the ground that the court erred in giving instructions No. 7 and 8 for defendant. Instruction No. 7 has no application here, but for purposes of comparison, we will set out instruction No. 8, which reads:

"The court instructs you that the burden rests upon the plaintiff throughout the entire case to prove by a preponderance or greater weight of all the credible evidence, to your reasonable satisfaction, that the collision described in evidence was caused or contributed to by the negligence of defendant's motorman; and likewise such burden rests upon the plaintiff to prove each and every fact necessary to authorize a finding in plaintiff's favor, under the instructions of the court; and unless plaintiff has produced such preponderance of the testimony you will find your verdict in favor of the defendant."

The difference between this instruction and instruction "N" in the case at bar is clearly shown in the language used. The words used in the instruction in the Porter case not found in instruction "N" are "that the collision described in the evidence was caused by or contributed to by the negligence of defendant's motorman."

It is the rule that the burden of proof rests just where the pleadings place it. In the case at bar, the cause of action alleged is negligence, and the burden of proof is upon the party who affirms negligence to prove it, and this burden continues throughout the case. The doctrine of *res ipsa loquitur*, when analyzed, is merely a presumption of negligence which may be rebutted. In short, the doctrine is that from proof of given facts, a presumption of negligence arises, and this presumption takes the place of actual proof of negligence.

It is urged by defendant that the petition herein charges (1) that plaintiff was a passenger on the derailed train; (2) that the train was derailed and wrecked; and (3) that plaintiff was injured thereby. Defendant declares the burden of proving these allegations throughout the case rests on plaintiff and instruction "N" can be construed only as requiring this proof.

In the Porter case, the court said of instruction No. 8, above referred to:

"If the instruction had been limited so as to have told the jury that the burden was upon the plaintiff to prove by a preponderance of the evidence that she was a passenger upon defendant's car, and while she was riding therein it collided with a fire truck, and as a result of said collision she was injured, and that this burden remained with her throughout the trial, it would not have been error,

because it would have shown the extent of the burden cast upon her and have likewise shown the extent of the burden cast upon the defendant to enable it to overcome the prima-facie case.''

Also, in the case of Simpson v. Railroad, 192 S. W. (Mo.) 739, wherein a similar situation is presented, as in the case at bar; and an instruction was given almost identical with instruction "N" herein, Judge WALKER said:

''When, therefore, they are told by the court, as in this case, in the instruction given for plaintiff, that if they believe from the evidence that plaintiff, while being transported as a passenger on defendant's train, was injured by the derailment of one of its cars, then there arises a presumption that defendant was negligent, and it devolves upon it to rebut such presumption by showing that the derailment was the result of inevitable accident, or was due to some cause which defendant, in the exercise of that high degree of care required of it under the circumstances, could not have prevented, and failing so to do, that plaintiff is entitled to a verdict, and at the same time the jury is told, in the instruction given at the instance of the defendant, not only that plaintiff must establish his case by the preponderance or greater weight of the credible testimony, but that this burden remains upon him throughout the trial, the lay mind of the jury, considering these instructions together, will either be confused as to their meaning or conclude that there exists an express contradiction.''

Plaintiff's instruction No. 1, in the present case, is as follows:

''The court instructs you, gentlemen, that the law requires a carrier of passengers for hire to exercise the highest practicable degree of care to transport them safely. You are, therefore, instructed that when plaintiff became a passenger on defendant's train, it became and was the duty of defendant to exercise the highest practicable degree of care to transport her safely to destination, and if you believe and find from the evidence that defendant's train or coach in which plaintiff was riding as a passenger was derailed or wrecked and that by reason thereof plaintiff was injured, you must find for the plaintiff and return a verdict in her favor, unless you believe and find from the preponderance or greater weight of the evidence that defendant could not have prevented or avoided the wrecking or derailment of said train or coach by the exercise of the highest practicable degree of care.''

In the light of this ruling in the Porter case which we are bound to follow, being the last published utterance of the Supreme Court on the subject here involved, we are justified in concluding that the giving of instruction "N" at the instance of defendant was calculated to mislead the jury and the trial court ruled properly in granting a new trial. [Hitchman v. Link, 116 Mo. 123, 22 S. W. 472; Spillane v. Railroad, 111 Mo. 555, 20 S. W. 1105; Dunn v. Dunnaker, 87 Mo.

597.] It seems that the rule in derailment cases is firmly established in this State, to the effect that in cases of this character where a general instruction has been given at the instance of the plaintiff similar to instruction No. 1 herein, the courts hold it to be error to give, in addition, such an instruction as "N" given at the request of defendant. [Powell v. Railroad, 255 Mo. 420, 164 S. W. 628; Brown v. Railroad, 256 Mo. 522, 165 S. W. 1060; Furnish v. Railroad, 102 Mo. 669, 15 S. W. 315; Hipsley v. Railroad, 89 Mo. 348.]

The judgment of the court granting plaintiff a new trial is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.