JAMES GALLAGHER, Respondent, v. EDISON ILLUMINATING COMPANY, Appellant.

St. Louis Court of Appeals, December 21, 1897.

1. **Damages:** EVIDENCE: DEMURRER. In an action for damages for injuries sustained by plaintiff by the fall of an arc electric lamp maintained by defendant, where defendant's testimony clearly supplied the defect in plaintiff's proof as to the ownership of the lamp, a demurrer to the evidence was properly overruled.

2. **Instruction:** RULE RES IPSA LOQUITUR: PLEADING. An instruction that the mere falling of the lamp, *in the absence of explanation,* was inferential evidence that it was insufficiently secured, was a proper instruction; and a contention that the negligence was specifically alleged, and plaintiff could not invoke the rule *res ipsa loquitur,* without proving the injury was caused as alleged, without any merit, under the averments of the petition, that, "among other defects" in the fastenings of the lamp, the spool was worn and loose, under the former of which plaintiff could show any negligent insecurity in the fastening of the lamp.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

AFFIRMED.

*Albert Blair* and *Francis G. Eaton* for appellant.

In actions for negligence it is the duty of the court trying the case to confine the jury, by its instructions,

to the consideration of the specific grounds of negligence alleged in the petition. *Jacquin v. Cable Co.*, 57 Mo. App. 331; *Ravenscraft v. R. R.*, 27 *Id.* 617; *Gurley v. R. R.*, 93 Mo. 445; *Waldhier v. R. R.*, 71 *Id.* 514.

The rule *res ipsa loquitur* has no application in this case. *Brennan v. Gordon*, 3 N. Y. 604; Thomp. on Neg., sec. 1231. See, also, *Turner v. Haar*, 114 Mo. 335; *Davis v. R. R.*, 89 *Id.* 346; *R. R. v. Reeves*, 10 Wall. 190; *Nichols v. Winfrey*, 79 Mo. 545.

Plaintiff's first instruction was erroneous, in singling out a particular fact in evidence and commenting thereon, telling the jury that the fall of the lamp unexplained was evidence of a defective state. *Hoffman v. Hoffman's Ex'r*, 126 Mo. 498. See, also, *Raysdon v. Trumbull*, 52 Mo. 35; *Hoffman v. Perry*, 23 Mo. App. 20; *Wyatt v. R. R.*, 62 Mo. 408; *Nichols v. Winfrey*, 79 *Id.* 550; *Bank v. Armstrong*, 62 *Id.* 60; *McFadin v. Catron*, 120 *Id.* 274.

*A. R. Taylor* for respondent.

If the defendant supplies evidence, which the plaintiff failed to produce, no court will reverse for such failure. *Hilz v. R. R.*, 101 Mo. 36; *Jennings v. R. R.*, 112 *Id.* 268; *Baer v. Groves*, 46 Mo. App. 245.

Plaintiff's instruction in its entirety is faultless. The falling of a dangerous agency, like an electric lamp, upon the street, upon a citizen passing lawfully, implies want of care on the part of the party maintaining it. *Blanton v. Dold*, 109 Mo. 74; *Turner v. Haar*, 114 *Id.* 346.

BOND, J.—Plaintiff is the driver of a delivery wagon. While so engaged, on the third of December, 1895, he heard a sizzing noise and was struck upon the head and rendered unconscious by the fall of an arc

lamp pendant over the middle of Tenth and Market streets in this city. The evidence tends to show that his nervous system was severely shocked, and he was otherwise injured, to recover for which he instituted this action before a justice, where he had judgment, and again recovered upon defendant's appeal to the circuit court. Defendant appeals to this court.

The first error assigned is the refusal of the court to direct a nonsuit. In support of this contention appellant insists that none of the five witnesses for respondent testified as to this ownership of

DAMAGES : evidence: demurrer.

the lamp. Conceding this to be true, and further conceding that evidence showing that the lamp belonged to the defendant was essential to a recovery, still, the point must be ruled against appellant for the reason that it introduced evidence, after the conclusion of plaintiff's case, clearly establishing that the lamp in question was its property, and used by it in the prosecution of its business of lighting the city. The only way appellant could have availed itself in the present case of a defect in plaintiff's evidence would have been to stand on its demurrer, and to decline to adduce testimony on its own behalf. When it failed to take this course and introduced its own testimony, the consideration of the demurrer to the evidence necessarily extended to the entire evidence given for both parties, and as appellant's testimony clearly supplied the defect in plaintiff's proof as to the ownership of the lamp, the demurrer was properly overruled. *Hilz v. R'y*, 101 Mo. 36; *Jennings v. R'y*, 112 Mo. 258. The next error relates to an instruction given by the court to the effect that the mere falling of the lamp *"in the absence of explanation"* is

INSTRUCTION: rule res ipsa loquitur: pleading.

inferential evidence that it was insufficiently secured against falling. The theory upon which this instruction is based is,

that in the ordinary course of things a well fastened electric lamp does not fall upon persons using the street over which it is suspended, hence in the absence of any other evidence as to the cause of its falling, a natural inference arises that it fell by some neglect or omission of duty on the part of the owner. But the application of this principle depends upon the particular facts of each case. There must be something in them which, unexplained, "speaks for itself"—which tends to show some neglect or omission of duty as the proximate cause of the injury. The principle does not apply to every cause of injury or accident, but only to those whose mere occurrence implies a breach of duty. It has been held applicable where plaintiff was walking on the street and was injured by the falling of a barrel of flour from the window of an adjacent shop, *Byrne v. Boodle*, 2 Hurlst. & C. 721, or by the falling of a packing case reared against the premises of another. *Briggs v. Oliver*, 4 Hurlst. & C. 403. Likewise, where one was injured in passing over a highway under a railroad bridge by a falling of a brick from the pier of the bridge. *Kerney v. R. R.*, L. R. 5 Q. B. 41. Again, where the plaintiff was injured by a crowbar falling from an elevated railroad, although it was dropped by the workman in an effort to save himself from falling. *Mossenmann v. R'y*, 32 N. Y. S. R. 61. The doctrine is clearly announced in the decisions of this state and by the text writers. *Blanton v. Dold*, 109 Mo. *loc. cit.* 74; *Turner v. Haar*, 109 Mo. *loc. cit.* 346. Whittaker Smith's Negligence, sec. 419, p. 522. Appellant's counsel does not dispute this rule of law nor that it would govern the facts attending the injury in this case, except for what he claims is a specific allegation of negligence in the statement filed before the justice. The theory of appellant's counsel is, that inasmuch as he claims the facts constituting the negligence are

formally alleged, the respondent can not show the injury and without other evidence invoke the rule *res ipsa loquitur*, but must go further and prove that the injury was caused as alleged. In the first place, appellant's counsel is mistaken as to the nature of the averments in the statement. These do not confine the negligence charged to the allegation that the "spool of the lamp was worn out and loose," but instance that as one "among other defects in the fastenings of said lamp." Under the latter broad averment respondent was entitled to show any negligent insecurity in the fastening of the lamp, and as the present case is one where the implication of negligence may be drawn from the happening of the accident, proof of that fact made out a *prima facie* case for respondent. Again, the legal presumption stated in the instruction under review, when applicable, is conditioned on the absence of other evidence of negligence, not on the absence of *averments* of negligence in the petition or statement, and a party may rely upon it, even though his pleading sets out the facts of the negligence complained of, provided such facts are the ones which the legal inference of negligence tends to establish. So in the present case, the lamp could not have fallen except for the existence of the very facts alleged in the statement— defects in the spool from which it hung. As it did fall, the presumption arising from that unexplained fact tends to show the truth of the allegation in the statement. The judgment is affirmed. All concur.