ARTHUR W. JOHNSON, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 4, 1904.

1. **NEGLIGENCE: Pleading: General Charge.** A general charge of negligence is good unless objection is made at the proper time before the trial, and not after answer at the trial.

2. **———: Proof of Accident: Explanation.** Plaintiff was in the lower story carting off trash and dirt made by carpenters who were taking up the upper floor. A crowbar fell "on the head and glanced off." It appears the carpenters were prying up the plank at the time. This was proof sufficient to put the defendant on its explanation to show how the crowbar happened to fall. (Cases considered.)

3. **Master and Servant: Fellow-Servant: Statutes: Street Railways.** The follow-servant statute making master of common servants answerable for their negligence to each other applies only to railroads as that word is commonly understood, and has no application to street railways.

4. ————: **Street Railways: Evidence: Assumption: Pleadings.** Though there is no evidence that defendant is a street railway, the whole case and pleadings are based upon that assumption, and the case will be so treated.

5. **Evidence: Judicial Notice: Kansas City Suburbs.** The courts will take judicial notice that Independence, Missouri, and Argentine, Kansas, are suburbs of Kansas City, in fact, one continuous urban population although the latter suburb is separated by the State line.

Appeal from Jackson Circuit Court.—*Hon. Andrew F. Evans*, Judge.

REVERSED.

*John H. Lucas* for appellant.

(1) The court erred in admitting any evidence under the pleadings. The petition does not state facts sufficient to constitute a cause of action against the defendant. Ency. Pleading and Practice, vol. 13, p. 907; Waldhier v. Railway, 71 Mo. 516. (2) The court erred in refusing to sustain the demurrer to the evidence offered by the defendant, and in refusing to give the peremptory instruction asked by the defendant at the conclusion of the whole case. There is no evidence of any negligence in this record whatever. Perse v. Railway, 51 Mo. App. 173; Stept v. Railway, 85 Mo. 236; Breen v. St. L. C. Co., 50 Mo. App. 212; Yarnall v. Railroad, 113 Mo. 579-80; Carvin v. St. Louis, 151 Mo. 345; Nolan v. Shiekle, 3 Mo. App. 304-8; Schultz v. Railroad, 36 Mo. 32; McCarty v. Hotel Co., 144 Mo. 402; Sams v. Railroad, 73 S. W. 686. (3) The court erred in giving instruction number one asked by plaintiff, and refusing to give instructions number one and two as asked by the defendant. a. 'Number one enlarges the issue tendered by the petition. Bank v. Murdock, 62 Mo. 70; Schlereth v. Railway, 96 Mo. 509. There is no evidence on which to base the same. Paddock v. Somes, 102 Mo. 226, and authorities cited and under second subdivision herein.

*Joseph S. Rust* for respondent.

(1) The practice in Missouri is not as appellant contends, and besides the petition does not and should not state a negative and a mere conclusion of law, by saying that the carpenters and plaintiff were not fellow-servants. It states facts showing that they were not. It states facts showing that they were not engaged in the same departments of work. (2) The petition also states that "defendant is a corporation owning and operating street and electric railways in Kansas City, Missouri, and between Kansas City, Missouri, and Argentine, Kansas, and Independence, Missouri, and between Argentine, Kansas and Independence, Missouri." It therefore states that defendant is such a railroad as to come within the fellow-servant act, and it shows that the injury was not received in connection with the street railway. The court can not presume that this power-house was used exclusively in connection with its street railway business. The petition was therefore good for that reason. (3) That this petition does not state a cause of action I desire to refer to Pattison's "Missouri Code Pleading," sec. 422, p. 227. The author there says, "While a general charge of negligence is improper pleading and if timely objection is made to it, the plea will be held bad on that account, yet if it is not objected to at proper time and before trial, it is good as a basis of proof. Generality of averment in an action of negligence is not a fatal objection to the petition after answer." In support of the point the author cites Conrad v. De Mont Court, 138 Mo. 311; Foster v. Railway, 115 Mo. 165, and Benham v. Taylor, 66 Mo. App. 308.

ELLISON, J.—This is an action for personal injury received by plaintiff who was an employee of defendant. The judgment in the trial court was for plaintiff.

The defendant had carpenters employed in the story next above the ground floor of its power-house taking up and relaying floors. Plaintiff, a negro man, was engaged with his horse and cart in hauling out the "trash" made by the carpenters. It appears that the carpenters used, among other implements, a heavy iron bar called a "crowbar" with which they prized up the old floor. This bar fell from the floor above and struck plaintiff "on the head and glanced off." It does not appear from the evidence how it came to fall, or whether it was at the moment being used by the carpenters above. Nor does the petition charge how it happened. The pleader has rested content by simply charging, generally, that defendant's servants negligently caused it to fall.

1. Defendant objected to any evidence being received for the reason stated that the petition made only a general charge of negligence and therefore stated no cause of action. The case of Waldhier v. Railway, 71 Mo. 516, is cited to support the point. An expression is used in that case which supports defendant. But it has never been regarded as authoritative. The point decided in that case was that when a petition charges specific acts of negligence as the ground of action a recovery can not be had for acts not charged. Such was stated to be that decision in Schneider v. Railway, 75 Mo. 295, where it was held in an opinion by the same judge who wrote that in the Waldhier case, that a general charge of negligence was sufficient. And it was so held in Goodwin v. Railway, 75 Mo. 76; Mack v. Railway, 77 Mo. 232; Lemay v. Railway, 105 Mo. 361. In cases later than these, it seems to be held that if there is objection at the "proper time *before trial*" such petition would be held insufficient. Conrad v. De Mont Court, 138 Mo. 311, 325. In Foster v. Railway, 115 Mo. 165, 177, it is said that a general charge of negligence is good "*after answer*" (italics ours). So, therefore, if we are to regard the Supreme Court as now holding

that such general charge is insufficient if objected to before the trial, defendant's point is still not tenable, since its objection was first made after the trial opened.

2. Defendant next objects to the sufficiency of the proof of plaintiff's case—that it is not shown that the fall of the bar was caused by negligence. Looking at the entire evidence, it appears that the carpenters were prying up a board or joist when the bar fell. The only evidence is that it fell and struck plaintiff on the head. There is nothing to show why, or how, it fell. We believe such evidence sufficient to cast upon defendant the necessity of explaining. Unless defendant can account for the fall of the implement in such way as to exculpate itself it will be held to have done the act negligently. We stated the rule to be in Shuler v. Railway, 87 Mo. App. 618, 623, "that when an accident proceeds from an act of such a character that, when due care is taken in its performance, no injury ordinarily ensues from it in similar cases, it will be presumed to be negligent." In the case of Dougherty v. Railway, 9 Mo. App. 478, Judge Thompson has gathered some cases which fully support what we have said:

"Thus, a traveller is passing under a bridge, which a railway company has thrown across a highway; at the same time a train is passing over the bridge on the railway; a brick falls from the wall of the bridge upon the traveller and hurts him. There is no evidence whatever as to how the brick came to be loosened from its place. The railway company must explain that the brick came to fall from some cause consistent with its innocence, or pay damages to the traveller. Kearney v. Railway, L. R. 5 Q. B. 411 and L. R. 6 Q. B. 759; s. c., 2 Thomp. on Neg. 1220.

"A traveller passing along the street is struck by a barrel of flour falling from the window of an abutting warehouse. There are no other facts in evidence. The occupier of the warehouse must pay damages to the traveller, unless he can show that there was no negli-

gence on the part of himself or his servants.    Byrne v. Boadle, 2 Hurl. & Colt. 722; s. c., 33 L. J. (Exch.) 13.

"An officer of customs is passing, in the discharge of his duty, from one door of a warehouse to another, when some bags of sugar fall on him.    There is no other evidence.    The proprietor must excuse himself or pay damages.    Scott v. Dock Co., 10 Jur. (N. S.) 1108.

"A person calls at the door of the defendant's place of business to make an inquiry.    While there, a packing case which has been negligently set up against the wall falls on him.    There is no evidence as to how the packing case came to fall, or who placed it against the wall.    Here, again, the defendant must explain or pay damages.    Briggs v. Oliver, 4 Hurl. & Colt. 403; s. c., 35 L. J. (Exch.) 163.

"A person is lawful on the street, when without fault on his part, an adjoining building falls down, injuring him.    He makes out a case for damages against the owner by proving these facts, without more.    Mullen v. St. John, 57 N. Y. 567; Vincett v. Cook, 4 Hun 318.

"So, if water escapes from the hydrant of the tenant of the upper floor of a building and does damage to the tenant of the lower floor, the latter makes out a prima facie case for damages by proving this fact, without more.    Warren v. Kaufman, 2 Phila. 259."

We are therefore led to hold that plaintiff sufficiently both alleged and proved his case.

3.    But notwithstanding this, there is a further objection made by defendant which we conclude bars plaintiff's recovery.    It is, that plaintiff and the carpenters who were using the iron bar were fellow-servants.    Engaged as plaintiff was, in hauling away the "trash" and "rubbish" made by the carpenters in their work, there can be no doubt of their relationship being that of fellow-servants.

While we have in this State what is known as a fellow-servant statute whereby the master of common

servants is answerable for their negligence to each other, it only applies to railroads as that word is commonly understood. And, in a recent case decided by the Supreme Court, it is held that a street railway is not within the provisions of such statute, and that therefore the servants of such railway can not hold the master for an injury inflicted through the negligence of fellow-servants. Sams v. Railway, 174 Mo. 53; s. c., 73 S. W. 686.

In avoidance of this objection plaintiff suggests that there is nothing in this case to show that defendant is a street railway company. We think there is. The action itself is brought against the "Metropolitan *Street* Railway Company." The petition charges that such company "is a common carrier and a corporation organized and existing under the laws of the State of Missouri, owning and operating street and electric railways in Kansas City, Missouri, and between Kansas City, Missouri, and Argentine, Kansas, and Independence, Missouri, and from Aregntine, Kansas, to Independence, Missouri. That on the second day of August, 1902, plaintiff was in the employ of defendant engaged in hauling trash from the basement of its power-house (the evidence shows it was a 'cable-house') at Thirteenth and Charlotte streets in Kansas City, Missouri." While there is no direct and affirmative proof that defendant was a street railway company, yet the whole case shows that that was assumed. The allegations of the petition show it to be such. It is true the petition uses the language, "street and electric railways in Kansas City, Missouri" and between Kansas City and Argentine and Independence, yet the court will take judicial notice that these are but suburbs of Kansas City. And that though Argentine is separated by the State line between Missouri and Kansas, yet they are in fact one continuous urban population. The street railway defendant in the case (supra) decided by the Supreme Court was one which operated

on the streets in St. Louis and between that city and its suburb, known as Kirkwood. There can be no doubt that the full force of the reason employed by Judge VALLIANT in the case referred to, finds direct application to this street railway defendant.

It follows that defendant's demurrer to the evidence should have been sustained. The judgment will be reversed. All concur.