Duffy v. McGee.

---

## CHARLES DUFFY, et al, Respondent, v. CHARLES A. McGEE, Appellant.

### Kansas City Court of Appeals, June 11, 1917.

1. **NEGLGENCE: Shop-keeper: Box of Merchandise: Liability.** A shop-keeper had a box of heavy goods unloaded on the sidewalk in front of his place of business. It was six feet high, three feet wide and about one foot and a half thick. He caused it to be leaned up against the building with the bottom so close to the building as to make its position insecure. Plaintiffs' child was running by when the box toppled over and killed her. The shop-keeper was *held* liable; and it was further *held* that the rule of *res ipsa loquitur* was applicable.

2. **RES IPSA LOQUITUR: Neglience: Presumption.** When an occurrence takes place which, in the ordinary course of things does not happen if those who have the management of the place use proper

care, it affords reasonable evidence, in the absence of explanation by defendant, that it arose from want of such care.

3. **NEGLIGENCE:** General Charge. A charge of general negligence admits of the application of the rule of *res ipsa loquitur*.

Appeal from Jackson Circuit Court.—*Hon. Harris Robinson,* Judge.

AFFIRMED.

*E. H. Busiek* and *Paul R. Stinson* for appellant.

*Warner, Dean, McLeod & Langworthy, R. P. Rogers* and *James P. Kem* for respondents.

ELLISON, P. J.—Plaintiff's action is founded on the death of their small daughter, aged six years, which they charge to the negligence of defendant. They recovered judgment in the trial court.

Defendant is a merchant doing business on the north side of Independence avenue in Kansas City. Between three and four o'clock on the 9th of October, 1914, defendant had deposited on the sidewalk in front of his place of business, a heavy box filled with a "kitchen safe" or "cabinet." The box was about six feet high, three feet wide and one foot and a half thick. It was leaned up length ways against the front of the building. The foot of the box was placed so close to the building as to make its leaning insecure. Plaintiffs lived in the second story of the building in which defendant kept his store and two or three hours after the box was thus placed, the little girl was sent down the street on an errand to a grocery store. She came down the stairs, started west and in passing by the box it fell upon and killed her.

How the box came to fall just as she was in reach of it, is the question contested. Defendant insists that the evidence for plaintiff leaves the matter in such conjecture and doubt as to demand a reversal of the judgment. And that the evidence in his behalf shows that the child stopped as she was passing and in endeavor-

ing to climb upon the box it toppled over on her. While plaintiffs contend that there was abundant evidence, coupled with the circumstances and inferences to be reasonably drawn therefrom, tending to show that the lean of the box against the building was so slight it was liable at any moment, on a jar, or vibration, to fall backward across the sidewalk.

The two points made against the judgment are that the verdict is contrary to the physical facts and natural law; and, second, that plaintiffs failed to show the death was caused by the negligence charged in the petition.

At the outset we will say that it is evident the jury thought defendant's witness was mistaken when he testified that he saw the little girl attempt to climb on the box. And we will therefore endeavor to ascertain what the evidence tended tō show in behalf of the plaintiffs.

A witness who assisted defendant in unloading the box testified that "the bottom end of the box was so close to the building, it could turn over very easily." A man, with a companion, who had just passed by the store, observed the box which he stated to be about six feet high, three feet broad and eighteen inches thick leaning against the building. He stated that the box "was sitting very close to the store," but leaning back against the wall;" that the box "was not quite far enough from the building to really lean up there good, it was pretty close at the bottom." He noticed "a little child ran down the stairway" just as he was passing. She ran by him and he heard the box fall. He turned and saw the box lying down on the walk when he and his companion raised it off the child. He repeated that the child "passed right by me and just immediately after it (the child) passed I heard the box fall." We think it important to note at this place the further testimony that the child was lying face downward with the box on her back, her head to the west and her feet to the east. If she had pulled the box over on her by climbing on it, she naturally would

have fallen over backwards with her back to the pavement, her head to the south and her feet to the north toward the bottom of the box. This is a reasonable inference corroborating the witness who stated that immediately she passed him he heard the box fall, leaving no time for her to have stopped and climbed on the box; and affording the jury ample ground to believe that the box, on account of its slight and insecure lean to the building, was falling and caught her as she passed.

When a heavy article is left in a position close to the line between security and insecurity, it is difficult to precisely know whether it is one or the other except from results. This high box with a narrow base, was left leaning against the wall at such an angle as to attract notice of its danger. The stability of its position may have been so slight as the giving way of a mere fiber of the wood resting upon the pavement, or the crushing of a particle of dirt, or the gradual imbedding of a pebble, would have sufficiently disturbed its equilibrium as to cause it to topple over onto the walk.

We think a case was made for the jury to determine. [Jackson v. Butler, 249 Mo. 342, 359; Gallagher v. Illuminating Co., 72 Mo. App. 576.] In the first of these a locker which was leaning against the wall fell upon the plaintiff. In the second an arc lamp fell upon the plaintiff; and in that case Judge BOND cites Byrne v. Boodle, 2 Hurlst. & C. 721 and Briggs v. Oliver, 4 Hurlst & C. 403. In the first a barrel of flour fell from an upper window of defendant's place of business; and in the second a packing case was leaned against the premises of another and fell upon the plaintiff. In each, it was held that evidence of the fall of those articles, threw the *onus* on the defendant to show he was free from negligence. This was under the rule that where an occurrence takes place which in the ordinary course of things does not happen if those who have the management of the place use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that it arose from want of such care.

That the case made is covered by the petition there can be no doubt. The charge of negligence is general. It is that "defendant negligently placed, left and deposited in a dangerous position on the sidewalk, just in front of said store room" the box, etc. This was not a specification of specific negligence so as to cut out the application of the rule of *res ipsa loquitur*. [Jackson v. Butler, supra, 249; Gallagher v. Illuminating Co., supra.]

The judgment must be affirmed. All concur.