EILEEN KEAN, Respondent, v. SMITH-REIS PIANO COMPANY, Appellant.

St. Louis Court of Appeals. Opinion Filed January 4, 1921.

1. **NEGLIGENCE: Pleading: Specific Acts: Failure of Proof Bars Recovery: Res Ipsa Loquitur: When Available.** One who pleads specific acts of negligence must prove such negligence or enough of such acts to justify a recovery, and a failure so to do bars him from a recovery, and this is true although he might have pleaded negligence generally and by an invocation of the doctrine *res ipsa loquitur* had a recovery upon making proper proof.

2. ———: ———: **Flag Pole Falling on Pedestrian: Presumptions.** The fact that defendant maintained a large flag and staff, or pole, on its building extending over the sidewalk and over the heads of people lawfully passing, and that it fell upon plaintiff, a passer-by, injuring her, sufficed to raise a presumption of negligence on the part of defendant.

3. ———: ———: ———: **Res Ipsa Loquitur: Petition Not So Specific as to Lose Benefit.** In an action for damages for personal injuries alleged to have been caused by a flag pole falling upon plaintiff as she was passing along the sidewalk, where the petition, as a matter of inducement, charged that the defendant "suspended and maintained" a flag pole on defendant's building over the sidewalk; i. e., that defendant placed it in such position and kept it there, and the subsequent charge of negligence is nothing more than a charge that in respect to such suspension and maintenance defendant was, in some manner, negligent, *held* that plaintiff's petitions is not so far specific in its character as to cause plaintiff to lose the benefit of a presumption of negligence on the part of defendant.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Samuel Rosenfeld,* Judge.

AFFIRMED.

*Fagin, Kane & Schreiber* for appellant.

(1)    The evidence fails to support the allegations of the petition.    Ficklin v. Wabash Railroad Company,

115 Mo. App. 639. (2) Error was committed in giving instructions on behalf of the plaintiff. It was clearly error to submit the case on the theory of negligence of which there was no evidence. Dalton v. Railroad, 187 Mo. App. 691; Kendrick v. Harris, 171 Mo. App. 208; Sparkman v. Railroad, 191 Mo. App. 463; Hearon v. Lumber Co., 224 S. W. 67; Young v. Wolff, 190 Mo. App. 55; Hamilton v. Metropolitan Street Railroad, 114 Mo. App. 504.

*Stephen C. Rogers* and *Richard A. Jones* for respondent.

(1) The fact that appellant suspended and maintained over public thoroughfare of the city the flag and pole described in evidence and that it was blown down by wind not of an unusual and extraordinary velocity and injured a pedestrian lawfully upon such thoroughfare, constitutes evidence from which may be properly inferred negligence on the part of the appellant in its suspension and maintenance, and this irrespective of any doctrine of *res ipsa loquitur*. Jones v. Railroad, 178 Mo. 528; Capehardt v. Murta, 165 Mo. App. 55, 56; Folk v. Schaeffer, 186 Pa. 253; Graham v. Badger, 164 Mass. 42; Griffin v. A. R. Co., 148 Mass. 143. (2) Respondent's pleading in substance alleges that appellant suspended and maintained, from its building over Olive Street, a public thoroughfare of the city of St. Louis, a flag and staff or pole. Generally charges that it so carelessly and negigently performed such function, that is suspended and maintained such flagstaff or pole that it fell, struck and injured respondent then lawfully passing upon the sidewalk of said street. Appellant's contention that the allegation is one of specific elements constituting the negligence rather than general allegation of negligence, necessary in order to permit application of doctrine of *res ipsa loquitur* is without support either in the reason of the doctrine or the principles governing its application. Chlanda v. Transit Co., 213 Mo. 224, 252; Mc-

Donald v. Railroad, 219 Mo. 468; McManamee v. Railroad, 135 Mo. 440; Duffy v. McGee, 196 Mo. App. 395; Malone v. Railway Co., 213 S. W. Rep. 864; Gallagher v. Edison Illuminating Co., 72 Mo., App. 576; Price v. Met. St. Railway Co., 220 Mo. 435, 454.

ALLEN, J.—This is an action for personal injuries sustained by plaintiff, alleged to have been occasioned by the negligence of the defendant. The trial below, before the court and a jury, resulted in a verdict and judgment for plaintiff in the sum of $2500, and the case is here on defendant's appeal.

The defendant is a corporation maintaining a store abutting on the sidewalk on the north line of Olive street in the city of St. Louis. On the day of plaintiff's injury, to-wit, on February 22, 1917, she was walking eastwardly on the sidewalk in front of plaintiff's store when a flag pole or staff, maintained by defendant on the front of its store building, fell, striking plaintiff and injuring her.

The petition charges that the defendant suspended and maintained on the said building a large flag and staff or pole extending over the sidewalk and over the heads of people lawfully passing on Olive street; that said flag staff or pole "was placed in or attached to certain blocks of wood and suspended from said building, and defendant so carelessly and so negligently suspended and maintained the same that the said flag staff or pole and blocks of wood, without any fault or negligence on the part of plaintiff," fell upon and struck plaintiff as she was lawfully passing along the sidewalk, causing the injuries for which she sues.

The answer is a general denial, coupled with the averment that plaintiff's injuries, if any, complained of in her petition, "were caused by the flag pole or staff being torn from its fastenings by a wind blowing at an unusual, high and extraordinary rate of speed."

The reply puts in issue the new matter in the answer.

The evidence adduced by plaintiff went to show that while passing along the sidewalk in front of defendant's

store building she was injured by the falling of the flag pole, as alleged in her petition. No attempt was made by plaintiff to prove any specific act or acts of negligence on the part of the defendant. Plaintiff proceeded below upon the theory that the case pleaded and proved by her was one for the application of the doctrine of *res ipsa loquitur;* and plaintiff's instructions proceeded upon this theory.

Defendant introduced the testimony of an assistant in the United States Weather Bureau, in the city of St. Louis, who, testifying from the weather bureau records for February 22, 1917, stated that the highest velocity of the wind on that day was thirty miles an hour, this being at about 1:04 P. M. The evidence shows that the casualty occurred shortly after one o'clock. It was shown on cross-examination of this witness, by reference to the records in his possession, that for six years prior to 1917 the maximum velocity of the wind during the month of February of each year was greater than thirty miles per hour.

The first assignment of error pertains to the action of the court in refusing defendant's instruction in the nature of a demurrer to the evidence, offered at the close of the entire case. This assignment proceeds upon the theory that the petition pleaded specific negligence, and that plaintiff failed to prove the specific negligence alleged. No doubt can be entertained as to the rule obtaining in this State respecting the precise matter here under consideration. "One who pleads specific acts of negligence must prove such negligence or enough of such acts to justify a recovery, and a failure to do so bars him from a recovery. And this is true although he might have pleaded negligence generally and by an invocation of the doctrine of *res ipsa loquitur* had a recovery upon making proper proof." [Pointer v. Mountain Railway Company, 269 Mo. 104, l. c. 114, 189 S. W. 805. See, also, McGrath v. Transit Co., 197 Mo. 97, 94 S.W. 872; Orcutt v. Century Building Company, 201 Mo. 424, 99 S. W. 1062; Roscoe v. Metropolitan Street Railway Company,

202 Mo. 576, 101 S. W. 32; Price v. Metropolitan Street Railway Company, 220 Mo. 1. c. 453, 119 S. W. 932.]

As to this assignment of error, however, the respondent though denying that the charge of negligence is specific, contends that, in any event, the evidence supports the charge that the defendant "negligently suspended and maintained" this flag pole, since the evidence shows that the pole was torn from its fastenings by reason of a wind of such velocity as was by no means unusual at that period of the year in the city of St. Louis; and that consequently, in any view of the petition, the demurrer to the evidence was properly overruled. We need not stop to consider this argument, since the complaint made of plaintiff's first or main instruction makes it necessary for us to pass upon the question as to the character of the negligence alleged in the petition. That instruction told the jury, in substance, that if they found that the flag pole in question was suspended by defendant over said sidewalk; that said pole and block of wood to which it was attached fell and struck plaintiff injuring her; and that plaintiff was not guilty of negligence directly contributing to her injury; "then the presumption is that it was occasioned by some negligence of the defendant and she is entitled to recover unless the defendant shows by a greater weight of evidence that it could not have prevented the falling of such flag, flag pole and block by the exercise of ordinary care as in these instructions defined under the same or similar circumstances in the suspending of said flag and flag pole and at the same season of the year."

This instruction, of course, was given by the court upon the theory that the case, as pleaded and proved, was one calling for the application of the *res ipsa loquitur* doctrine. Obviously, upon the facts in evidence, the case is one coming within that doctrine, unless, indeed, it b~ that plaintiff, by pleading specific negligence, has lost the right to rely thereupon.

As shown above, the negligence averred is that the defendant "so carelessly and negligently suspended and

maintained'' the pole that it fell upon plaintiff as she was passing along the sidewalk. And the precise question with which we have to deal is whether or not this averment is sufficiently general to permit plaintiff to invoke the *res ipsa loquitur* doctrine. Had plaintiff, after alleging, as matter of inducement, that defendant maintained this pole suspended above the sidewalk along which people passed, and then simply alleged that defendant ''negligently caused and permitted'' the same to fall upon plaintiff, there could have been no doubt as to the general character of the averment. [See Price v. Metropolitan Street Railway Company, 220 Mo. 435, l. c. 454, 119 S. W. 932.] Plaintiff has not done this, but has alleged that defendant negligently ''suspended and maintained'' the flag pole.

In Pointer v. Mountain Railway Construction Company, 269 Mo. 104, 189 S. W. 805, relied upon by appellant, the allegation of the petition was: ''That said racer dip, the cars and track thereon, were so faulty and so defectively constructed and defendants so negligently and carelessly maintained and operated the same that by reason thereof the car in which plaintiff was a passenger, as aforesaid, vibrated and shook so that the plaintiff was thrown with much force against the back of the conveyance or car in which he had passage, and plaintiff's right foot and leg were suddenly and violently thrown upwards and out of said conveyance or car,'' causing his foot to be caught and injured. In holding that this petition pleaded specific acts of negligence, it was said by GRAVES, J.: ''Now, in the petition before us in this case the plaintiff avers (1) the faulty and defective construction of the cars used on 'Racer Dips;' (2) the faulty and defective construction of the tracks of the 'Racer Dip'; and (3) a negligent maintenance and operation of the cars over such tracks.'' Obviously the ruling in that case, on the petition there involved, does not warrant us in holding that the allegation here in question is one of specific negligence; nor does it appear that any of the authorities cited in the Pointer case would warrant such holding.

In Hennekes v. Beetz, 217 S. W. 533, cited by appellant, this court recently had before it a petition charging negligence on the part of the defendant in driving his automobile in which plaintiff was riding as a passenger. The petition alleged that the defendant "so carelessly and negligently *drove* said machine that it turned completely around and smashed violently against the side of the street" throwing plaintiff bodily out of the machine. (Italics ours.) We held that the averment was specific in character, in that it specifically charged *negligent driving* by defendant. And, on the facts, the rule of *res ipsa loquitur* was inapplicable.

In Motsch v. Standard Oil Company, 223 S. W. 677, also cited by appellant, we had before us a petition which alleged that the defendant's agents and servants "so carelessly and negligently maintained, operated and handled said gasoline and filling apparatus at said station as to allow said gasoline to be spilled and to catch fire," as a direct result whereof plaintiff's automobile was damaged. This we again held to be an averment of specific negligence—specific in that it charged that the injury was occasioned by the *negligent handling and spilling* of the gasoline; thus showing that plaintiff professed to know what was the nature of the negligence causing the injury.

We do not regard these opinions of this court as authority for holding that the allegations here in question constitute allegations of specific negligence.

In Price v. Metropolitan Street Railway Company, supra, in holding that the charge of negligence there under consideration was one general in its character, the court said:

"Had the petition averred a negligent collision of the two trains, and then proceeded to state that such collision was occasioned by the negligence of the gripman in the operation of the car, or the negligence of the conductor in the operation of the train, and pointed out wherein they or either of them had been negligent, or had it charged a negligent failure to use proper appliances and pointed out the insufficient appliances; or had it

charged that the collision was due to some negligent condition of the track, naming and pointing out such, or other such similar specific acts, then there would have been specific negligence."

In Chlanda v. Transit Company, 213 Mo. 244, 112 S. W. 249, the plaintiff was a passenger in a street car o° the defendant and injured in a collision between that car and another car. The petition alleged that "because of the negligence and careless operation of said cars of de fendant, whereby they were so permitted to collide as aforesaid, when by the exercise of due and reasona care, such as it was the duty of defendant to observe toward plaintiff as a passenger as aforesaid, in the said circumstances, said collision would have been avoided by defendant's agents in charge of said cars and each of them." Speaking of this allegation the court, through LAMM, J., said: "Among other views pressed here under that head, they (counsel) insist the doctrine of *res ipsa loquitur* cannot be invoked by plaintiff. We do not agree to that. The petition is broad enough to permit the application of that doctrine."

It will be observed that in that case the petition charged the negligent "operation" of the cars by defendant. Yet it was held to be general in character—"broad enough to permit the application" of the doctrine of *res ipsa loquitur*.

In MacDonald v. Railroad, 219 Mo. 468, 118 S. W. 78, the allegation of the petition drawn in question was as follows. (l. c. 474) : "That in rounding said curve the car aforesaid in which the said John L. Macdonald was riding came to a sudden and violent stop, which was caused either by the negligent and careless condition in which the appliances used by said defendant for going around said curve were allowed to remain, or by the negligent and careless manner in which the gripman discharged his duty in managing and controlling said car, but it was either one or the other, or both, as plaintiff believes and alleges, and she is ignorant whether it was the one or the other." Of this allegation the court (l. c. 487) said:

206 M. A.—12

"We are of opinion that the petition in this case does not plead specific negligence as that term is used in the books. It could not say much less than it did. It is no more specific than the allegations of the petition in Chlanda v. Transit Co., 213 Mo. 244, and the charge there was held to be general. The gravamen of the charge is the violent stoppage of the car and that is said to have resulted from the general negligence and careless condition in which the appliances used by defendant were allowed to remain or in the negligent manner in which the car was managed. Plaintiff averred that she did not know which it was but that it was one or the other or both. Taken by or large, it would seem the charge was general, that plaintiff had pleaded no matter showing her knowledge, and that she had the right to assume that the violent stop was negligent without putting in proof of what caused it."

It thus appears that in that case the charge of negligence in the petition, taken as a whole, was held to be general in character, so as to permit the plaintiff to invoke the *res ipsa loquitur* rule, upon the ground that the plaintiff had pleaded no matter showing her knowledge as to what negligent act or acts caused the violent stop.

In the recent case of Duffy v. McGee, 196 Mo. App. 395, 195 S. W. 1053, plaintiffs' daughter was killed by the falling of a large box which had been placed in a leaning and unsecure position against the front of defendant's building. The petition charged that "defendant negligently placed, left and deposited in a dangerous position on the sidewalk, just in front of said store room," the box, etc. The Kansas City Court of Appeals held that "this was not a specification of specific negligence so as to cut out the application of the rule of *res ipsa loquitur*." [See, also, Stauffer v. Railroad, 243 Mo. 305, 147 S. W. 1032.]

There can be no doubt that the facts here shown in evidence, namely, the fact that defendant maintained this

pole over the sidewalk and that it fell upon plaintiff, a passerby, sufficed to raise a presumption of negligence on the part of the defendant; and that the plaintiff is entitled to the benefit of the presumption unless, as said, plaintiff by pleading specific negligence has lost the benefit of such presumption. [Gallagher v. Edison Illuminating Co., 72 Mo App. 576.] We do not think that plaintiff's petition is so far specific in its character as to cause plaintiff to lose the benefit of such presumption. The petition, as matter of inducement, charges that the defendant "suspended and maintained" this pole on its building, over the sidewalk; i. e. that defendant placed it in such position and kept it there. The subsequent charge of negligence is nothing more than a charge that in respect to such suspension and maintenance defendant was, in some manner, negligent. Plaintiff does not thereby aver or show any knowledge on her part as to any specific defect or specific negligent act whereby the pole was caused to fall, so as to preclude her from resting her case upon a presumption of negligence arising from the fact that it fell.

It follows that not only was the demurrer to the evidence properly overruled, but the assignments of error as to the instructions are likewise without merit.

The judgment should accordingly be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.