Ruth Kuether, Respondent, v. Kansas City Light & Power Company, a Corporation, Appellant.

Kansas City Court of Appeals. June 15, 1925.

**1.—Pleading—Defendant by Answering Over Waived Motion to Make More Definite and Certain.** Error in refusing to sustain motion to make more definite and certain was waived by defendant filing its answer and later, by permission of court, filing its motion to make more definite and certain and then filing term bill of exceptions and thereupon answering over.

**2.—Same—Faults in Petition Waived upon Joinder of Issue under Pleadings.** Faults in a petition, except the cardinal ones of stating no cause of action and lack of jurisdiction, are waived whenever case once advances to stage of joinder of issue on the facts pleaded.

**3.—Same—Answering Over Does Not Waive Objection That Petition States no Cause of Action.** Answering over, after motion to make more definite and certain is overruled, does not waive objection that petition states no cause of action.

**4.—Same—Petition Held to Charge General Negligence.** In an action for damages caused by falling of insulator from electric light pole striking plaintiff, petition that defendant "negligently caused and permitted an object to fall from one of its poles," etc., held proper as a general allegation of negligence.

**5.—Negligence—Res Ipsa Loquitur Doctrine Stated.** Res ipsa loquitur applies to cases where the facts show that the mere occurrence of the injury implies a breach of duty on the part of the defendant.

**6.—Same—Pleading—General Charge of Negligence Held Sufficient to Bring Case Within Doctrine of Res Ipsa Loquitur.** In an action for injuries to pedestrian caused by falling of insulator from electric light pole, held general charge of negligence in petition is sufficient to bring case within doctrine of res ipsa loquitur.

**7.—Instructions—Instruction Submitting Whether All or Part of Insulator Fell, Held not Erroneous as Broadening Issues.** An instruction submitting question as to whether "the whole or part" of insulator fell, held not erroneous as broadening the issues; it being immaterial whether all or part of insulator fell.

**8.—Same—Instruction Relieving Defendant from Liability if Defect on Insulator Was Not Patent, Held Properly Refused.** An instruction that unless defect on insulator was patent, plain and ought to have been seen by defendant in time to have avoided its use, plaintiff could not recover, held properly refused where defendant's evidence showed that insulator could have fallen by reason of having broken while being "cinched," or in being dropped by workmen while on electric light pole.

**9.—Same—Instruction on Contributory Negligence Held Properly Refused.** In an action by pedestrian, injured by falling insulator dropped from electric light pole, instruction on question of contributory negligence held properly refused, there being no evidence plaintiff knew defendant's employees were working on pole.

**10.—Same—Defendant's Instruction in Conflict with Plaintiff's Instructions, Held Properly Refused.** Instruction that jury had "no right to presume negligence, and if evidence did not preponderate in favor of plaintiff, verdict should be for defendant," held properly refused, where it was contradictory of plaintiff's instructions which properly included doctrine of res ipsa loquitur.

**11.—Evidence—Res Gestae Rule Stated.** Res gestae are those circumstances which are undesigned incidents of a peculiar litigated act and which are admissible when illustrative of such act, and the incidents may be separated from the act itself by a lapse of time more or less appreciable, but they must stand in immediate casual relation to the act.

**12.—Same.—Exclamation Made at Time of Injury and Naturally Connected Therewith, Held Admissible as Part of Res Gestae.** Testimony of plaintiff that at time of injury some unknown person said "take care of that lady, an insulator hit her," held admissible as part of res gestate.

**13.—Trial Practice—Whether Weeping of Plaintiff While on Witness Stand Sufficient to Warrant Discharge of July, Held Within Discretion of Court.** Whether weeping of plaintiff while on witness stand was of sufficient gravity to warrant discharge of jury, held within discretion of court, and its ruling thereon will not be disturbed unless it clearly appears that such ruling was a breach of such discretion.

**14.—Appeal and Error—Appellate Courts are Loath to Interfere With Verdicts Unless Excessive.** Appellate courts are loath to interfere with verdicts of juries unless it appears from record that amounts awarded are excessive.

**15.—Damages—Award of $5000 for Injuries to Right Hand and Wrist Held Not Excessive.** Where plaintiff sustained complete severance of tendons of two fingers and partial severance of tendon of third finger of right hand, which greatly impaired use of hand and wrist, rendering her unable to do her housework which she had been used to doing prior to injury, a verdict of $5000 is held not excessive.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 810, n. 42; p. 871, n. 6, 13. Damages, 17CJ, p. 1103, n. 49. Electricity, 20CJ, p. 378, n. 88; p. 395, n. 1. Evidence, 22CJ, p. 444, n. 13; p. 450, n. 47, 49; p. 452, n. 61, 62; p. 461, n. 89. Negligence, 29Cyc, p. 587, n. 57; p. 592, n. 98. Pleading, 31Cyc, p. 570, n. 21; p. 719, n. 78; p. 729, n. 54; p. 752, n. 63. Res ipsa Loquitor, 34Cyc, p. 1665, n. 47. Trial, 38Cyc, p. 1296, n. 77; p. 1605, n. 66; p. 1618, n. 36; p. 1619, n. 38.

Appeal from Circuit Court of Jackson County.—Hon. O. A. Lucas, Judge.

AFFIRMED.

*Ryland, Boys, Stinson & Mag* for respondent.

*Wm. C. Lucas, John H. Lucas* and *Ludwick Graves* for appellant.

ARNOLD, J.—This is an action in damages for personal injury. Defendant is a corporation engaged in the manufacture and distribution of electricity in the City of Kansas City, Missouri, and maintains electric ligh poles upon which are stretched wires with necessary appliances, consisting of cross-arms and insulators, for conveying power to various parts of the city.

Plaintiff is a married woman, for many years a resident of Kansas City and lived in the near vicinity of the place where the accident recited in the petition occurred. It is alleged that on August 14, 1922, shortly before noon, plaintiff was walking north on the east side of Main Street between Thirty-sixth and Thirty-seventh streets in said city and that she was injured by the falling of an object from

the cross-arms of an electric light pole owned by defendant. The testimony shows that said pole was located between the sidewalk and the curbing within the parking space, the cross-arms extending over the sidewalk. Prior to the date of the injury, defendant had been moving the poles to a new position as a result of the widening of Main Street. Shortly before the accident on said day plaintiff had passed upon the sidewalk to the home of a friend at the southeast corner of Thirty-sixth and Main Streets, and had gone with her friend to a grocery store near the corner of Thirty-seventh and Main Streets. As they reached a point directly under the second pole on the east side of Main Street south of Thirty-sixth, an object fell from the pole striking plaintiff on the arm and wrist.

The evidence shows that prior to and at the time of the injury, employees of defendant were working upon the cross-arms attached to said pole; that they were engaged in tying a wire to a glass insulator, a part, or all of which fell and struck plaintiff. It is in evidence that the east cross-arm extended nearly across the sidewalk, and at the time carried three insulators of dark colored glass; that defendant's employees were tying the insulator farthest east from the pole; that while plaintiff was passing thereunder, the object fell which first struck her in the arm and then on the wrist and on the back of her right hand and completely severed the tendons leading to the first and second fingers; that it partly severed the tendon of the third finger, producing a deep cut across the back of her hand, and there was testimony to the effect that her arm and hand are permanently crippled.

The negligence charge in the petition is: ". . . the defendant negligently caused and permitted an object to fall from one of its poles, which plaintiff is informed and believes to be a glass insulator; that said object struck this plaintiff on the back of her right hand and wrist with great force and violence. . . ."

Defendant filed an answer which it afterwards withdrew and moved the court to require plaintiff to make her petition more definite and certain, seeking to require her "to state how and by what means and in what manner the object mentioned fell and what the object was, giving the size and description of the same, and to specify specifically the negligent acts upon which she bases her petition."

This motion was overruled and defendant then filed answer admitting its corporate status and otherwise making general denial. Further the answer pleads contributory negligence in that plaintiff "knew or ought to have known, and saw, or ought to have seen, in due time the conditions as mentioned in said petition, and so knowing and so seeing, said fact directly caused her injury." Upon the pleadings thus made the cause went to trial to a jury. Verdict was

for plaintiff in the sum of $5000. Motions for new trial and in arrest of judgment were unavailing and defendant appeals.

In support of its appeal defendant urges that the court erred in refusing to sustain its motion to make the petition more definite and certain, in that the petition wholly fails to state a cause of action and fails to charge any negligence of defendant.

We think that by filing its answer and later, by permission of the court, filing its motion to make more definite and certain (which was overruled), then filing its term bill of exceptions and thereupon answering over, defendant has placed itself outside the right to urge this point now. This question arose and was determined against defendant's contention in Ewing v. Vernon County, 216 Mo. 681, 685, 116 S. W. 518. The court therein stated that an answer waives such motion whether filed before or after the motion. The opinion states: "But, taking the answer as withdrawn before the motion, and as re-filed after the motion was overruled, the defendant should have stood on his motion as to the second count. By refiling his answer he took the life out of his exception on appeal; for it has become a commonplace of appellate procedure that answering over waives a motion to make more specific." [White v. Railroad, 202 Mo. l. c. 561, 101 S. W. 14, and cases cited.]

It has been held and is the rule that faults in a petition except the cardinal one of stating no cause of action and lack of jurisdiction, are waived whenever in the evolution of a lawsuit, the case once advances to the stage of joinder of issue on the facts pleaded. Such joinder, in effect, is a challenge on the facts alone and is a notice that defendant accepts the gauge of battle on the facts, as presented by the petition, and accepts the chances of a trial on such issue. When defendant, as in the case at bar, refused to stand on its motion to make more definite and certain, it took the chance of winning or losing on the issue presented by the petition. There is a long line of decisions in support of this rule.

Defendant seems to place much dependence upon the ruling in Van Bibber v. Fruit Co., 234 S. W. (Mo. App.) 356, but we do not find that case to be a counterpart of the one at bar. There the court sustained a motion to make the petition more definite and certain and plaintiff refused to amend, whereupon the trial court made an order dismissing the petition. The judgment was affirmed on appeal. Clearly that case is not in point here.

We think the point urged was determined in Sperry v. Hurd, 267 Mo. 628; where it is said:

"Plaintiffs in error are not now in a position to urge as error the action of the court in overruling their motion to make the petition more definite and certain. This point was waived when they answered over and went to trial upon the merits. [Sauter v. Leverige,

103 Mo. 615; State ex rel. v. Bank, 160 Mo. 640; Dakan v. Chase & Son Mer. Co., 197 Mo. 238; Ewing v. Vernon County, 216 Mo. 681.] In the main opinion in the case of Shohoney v. Railroad, 223 Mo. 649, l. c. 673, an attempt was made to overrule the above cases on the point in question, but since the opinion as to that point did not receive a majority vote the above cases cited are to be considered as announcing the correct rule."

However, as above stated, answering over after motion to make more definite and certain is overruled, does not waive the objection to the petition to the effect that it states no cause of action. This objection is urged in the case at bar as one of the reasons why judgment should be reversed. This objection reverts to the wording of the charge of negligence in the petition that defendant "negligently caused and permitted an object to fall from one of its poles which plaintiff is informed and believes to be a glass insulator; that said object struck this plaintiff on the back of the right hand and wrist with great force and violence," etc.

It must be conceded this is a proper pleading as a general allegation of negligence. The petition does not charge, nor does it attempt to charge, specific acts of negligence. A similar situation arose in the case of Price v. Railway Co., 220 Mo. 435, and in that case the Supreme Court said, l. c. 454:

"Does this petition charge specific acts of negligence? We think not. The only charge is that 'the defendant carelessly, negligently caused and permitted the train on which plaintiff was riding as a passenger, to come in violent collision with another train of defendant's, said other train being on said Twelfth Street and on said incline as aforesaid; that said collision was occasioned without any fault on the part of the plaintiff, but by reason of the negligence as aforesaid of the defendant.' "This to our mind is a charge of general negligence. Had the petition averred a negligent collision of the two trains, and then proceeded to state that such collision was occasioned by the negligence of the gripman in the operation of the car, or the negligence of the conductor in the operation of the train, and pointed out wherein they or either of them had been negligent, or had it charged a negligent failure to use proper appliances and pointed out the insufficient appliances; or had it charged that the collision was due to some negligent condition of the track, naming, and pointing out such, or other similar specific acts, then there would have been specific negligence." [See, also, Johnson v. Railway Co., 104 Mo. App. 586, 78 S. W. 275.]

In the latter case the plaintiff was engaged in hauling trash from the ground floor of a building. Carpenters were working on the upper floors using a crow bar as one of the tools therefor. The crow bar fell from one of the upper floors striking plaintiff on the

head. There was no showing in the evidence how it came to fall, nor did the petition charge specifically how it happened, but only alleged generally as in this case, that the defendant's servants negligently caused it to fall. It was held that the general charge of negligence was sufficient. Defendant's citations on this point are not in conflict with this ruling.

It is also charged that the court erred in refusing to give defendant's proffered instruction in the nature of a demurrer to the evidence and in this connection it is urged that the doctrine of *res ipsa loquitur* does not apply.

It seems to have been plaintiff's contention throughout that the doctrine of *res ipsa loquitur* does apply under the pleadings and the facts in evidence. There seems to be little, if any, dispute as to the facts in this case. The facts show that plaintiff was walking along the sidewalk where she had every right to be, and some object, either the whole or a part of a glass insulator, fell from the cross-arm of the electric light pole and struck her on the arm and wrist, resulting in a severe injury. Defendant insists the injury was not the result of its negligence. *Res ipsa loquitur* applies to cases where the facts show that the mere occurrences of the injury, or accident, implies a breach of duty on the part of the defendant; or, in other words, to facts which tend to show some negligence or omission of duty as the proximate cause of the injury. It has been held that the doctrine applies where a wrong by one has resulted in an injury to another which is unusual in character and which does not ordinarily happen, provided proper care is employed and where the facts as to the cause of the injury, or the reason for the happening of the event are peculiarly within the knowledge of the perpetrator. [Riecke v. Brewing Co., 206 Mo. App. 246, 227 S. W. 631.] Here, the work being done on the pole was under the exclusive direction and control of defendant. Of itself the glass insulator was harmless and in the exercise of proper care, it would not have fallen, to plaintiff's injury. The facts as to why and how it fell were peculiarly within the knowledge of defendant. The case of Gallagher v. Edison Ill. Co., 72 Mo. App. 576, is in point. There the plaintiff, driver of a delivery wagon, was struck by an arc light suspended over the middle of the street. It was contended by defendant that the doctrine of *res ipsa loquitur* did not apply. The appellate court held to the contrary.

Johnson v. Railway Co., 104 Mo. App. 588, 78 S. W. 275, is of similar import; and in arriving at its conclusions the court adopted the ruling in a number of cases applying the doctrine of *res ipsa loquitur* to cases of this nature, viz., Shuler v. Railway Co., 87 Mo. App. 618; Dougherty v. Ry. Co., 9 Mo. App. 478; Kearney v. Railway, L. R. 5 Q. B. 411 and L. R. 6 Q. B. 759; s. c. 2 Thomp. on Neg. 1220; Byrne v. Boadle, 2 Hurl. [ Colt, 722; s. c., 33 L. J. (Exch.)

13; Scott v. Dock Co., 10 Jur. (N. S.) 1108. It was held in the case of Mullen v. St. John, 57 N. Y. 567: "A person is lawfully on the street, when without fault on his part, an adjoining. building falls down, injuring him. He makes out a case for damages against the owner by proving these facts, without more." [Vincett v. Cook, 4 Hun. 318.] Cases in Missouri declare the same doctrine. [Duffy v. McGee, 196 Mo. App. 395, 195 S. W. 1053; Kean v. Piano Co., 206 Mo. App. 170, 178, 227 S. W. 1091.] In the latter case, the court said:

"There can be no doubt that the facts here shown in evidence, namely, the fact that defendant maintained this pole over the sidewalk and that it fell upon plaintiff, a passerby, sufficed to raise a presumption of negligence on the part of defendant; and that the plaintiff is entitled to the benefit of the presumption unless, as said, plaintiff by pleading specific negligence has lost the benefit of such presumption. We do not think that plaintiff's petition is so far specific in its character as to cause plaintiff to lose the benefit of such presumption. The petition, as matter of inducement, charges that the defendant 'suspended and maintained' this pole on its building over the sidewalk; i. e., that defendant placed it in such position and kept it there. The subsequent charge of negligence is nothing more than a charge that in respect to such suspension and maintenance defendant was, in some manner, negligent. Plaintiff does not thereby aver or show any knowledge on her part as to any specific defect or specific negligent act whereby the pole was caused to fall, so as to preclude her from resting her case upon a presumption of negligence arising from the fact that it fell."

In the case at bar there is no specific charge of negligence and we hold the general charge of negligence in the petition is sufficient to bring the case within the doctrine of *res ipsa loquitur*. The demurrer was properly overruled. [See Brown: v. Railroad, 256 Mo. 522, 535, 165 S. W. 1060, and cases therein cited.]

Defendant declares the court erred in giving plaintiff's instruction No. 1, over the objections of defendant, for the reason that it broadens the issues of the petition, in that it submits the question as to whether "the whole or part" of the insulator fell, when the pleadings do not allege that the injury was occasioned by anything except the insulator falling.

We cannot accept as conclusive this estimate of the purport of the pleadings. The language of the petition in this respect is that "the defendant negligently caused and permitted an object to fall from one of its poles which this plaintiff is informed and believes to be a glass insulator." Her evidence shows that the object which struck her was about as large as a teacup. An insulator was produced by defendant, exhibited to plaintiff, and she testified that she could

not say it was the object which struck her; but that it was similar and made of glass. Defendant's evidence was to the effect that it was only a fragmentary part of the insulator which fell.

The part of the instruction complained of told the jury that if they found and believed from the evidence "that as the plaintiff was passing under said pole a glass insulator or part thereof belonging to the defendant was . . . negligently . . . caused or permitted to fall from said pole," etc. Defendant admitted that part of the insulator fell from the pole, but insist it was only a part which fell. We conceive that as applied to defendant's liability, it is immaterial whether all or part of the insulator fell. The issues, therefore, were not broadened by the instruction. [See cases cited, supra.]

There is also a charge that plaintiff's instruction No. 2 erroneously states the law, shifted the burden of proof from plaintiff to defendant, and sought to inject the doctrine of *res ipsa loquitur*. Our ruling on this question against defendant's instruction is embodied in what we have said above. The instruction properly declares the law.

It is also contended that the court erred in refusing defendant's instruction No. 2, which reads: "The law divides defects into two classes known as latent and patent defects. A latent defect is one that does not appear on the face of the thing; a patent defect is one that is evident, plain. Unless you believe from the evidence that the defect, if any, on the insulator was patent, plain and could and ought to have been seen by defendant, in time to have avoided its use, your finding will be for the defendant."

We think the instruction bad for the reason that defendant's own evidence shows that the insulator, or a part of it, could have fallen by reason of its having broken while being "cinched," or in being dropped by the workmen while on the pole. Under the law and the evidence, defendant would have been liable in either instance, whether the defect, if any, in the insulator was patent or latent. We therefore hold that there was no error in refusing defendant's instruction D-2.

Defendant complains that the court erred in refusing its instructions 3 and 6 which sought to instruct on the question of contributory negligence. We fail to find any evidence of record upon which such instructions could be predicated. There is no evidence that plaintiff, prior to receiving the injury, knew that defendant's employees were working on the pole, or that she had any reason to believe they might drop something from the pole and strike her. We hold the refusal of these instructions was not error.

Defendant directs another charge of error against the action of the court in refusing defendant's proffered instruction D-5, where it was sought to tell the jury that they have "no right to presume

negligence, and if the evidence does not preponderate in favor of plaintiff then your verdict should be for the defendant." This is contradictory of, and in conflict with, plaintiff's instructions 1 and 2 which we hold properly included the doctrine of *res ipsa loquitur*. The instruction of defendant was properly refused.

It is also, urged that the court erred in admitting incompetent evidence offered by plaintiff. This charge is directed to the ruling allowing plaintiff to testify that some person, unknown to plaintiff said: "Take care of that lady, an insulator hit her." The objection is that this testimony was hearsay and not a part of the *res gestae*, it not being conclusively shown that the statement was made by any agent of defendant. We think defendant's position in this respect is without merit. The ruling in State v. Walker, 78 Mo. 380, 386, we find to be decisive of this question. In that case a bystander who witnessed the assault exclaimed: "Don't strike him for you have shot him now." The court held that the evidence embodying the remark was admissible as a part of the *res gestae*. The *res gestae* has been defined as those circumstances which are the undesigned incidents of a peculiar litigated act and which are admissible when illustrative of such act. The incidents may be separated from the act itself by a lapse of time more or less appreciable. However, they must stand in immediate causal relation to the act. They are admissible, though hearsay, because from the nature of things, it is the act that creates the hearsay, and not the hearsay the act. [1 Wharton on Ev., par. 259, and cases therein cited.] From the evidence in the instant case, it is clear that the exclamation complained of was made at the time of the occurrence or immediately thereafter and was immediately and naturally connected therewith. It forms a part of the *res gestae* whether it proceeded from one of the parties to the affair, or from a bystander. [State v. Kaiser, 124 Mo. 651, 667; May v. Railroad, 284 Mo. 508.]

Defendant cites several cases which it declares supports the contention that the remark of which complaint is made is not a part of the *res gestae*. But on examination, we find they refer to statements made after the occurrence in each instance, and were of past events. It is evident these cases do not apply to the case at bar. Plaintiff testified that immediately following the striking of her by the object, a man on the pole said, "Take care of that lady, an insulator hit her." And that as soon as the exclamation was made she looked up and saw a man on the pole. This version of the incident was corroborated by plaintiff's witness Mrs. Pottinger, who was with her at the time. Defendant's witness Onstott, an employee of defendant who was on the pole at the time of the accident, testified that he heard the exclamation at the time and thought it was defendant's witness and employee, Nauss, who uttered it. In these circumstances,

and under the law, we are unwilling to say that the admission of the evidence complained of was error.

A further charge of error is predicated upon the ruling of the court in refusing to discharge the jury because plaintiff wept in the presence of the jury, while on the witness stand. The incident arose in the progress of the trial, in the following manner:

Plaintiff recalled. "Q. Mrs. Kuether, I have forgotten whether or not I asked you this morning as to whether or not there is any impairment in your wrist of your right hand? A. My wrist is practically stiff. Q. Move your left wrist now. (Witness demonstrates.) (Witness cries.)

"Defendant's attorney: The plaintiff is crying on the witness stand, it is entirely prejudicial, in the presence of the jury, no reason for it, and we move the jury be discharged."

The court overruled the motion and the defendant saved its exceptions.

In the circumstances, as reflected in the record, it is evident that the trial court did not regard the incident as being prejudicial to defendant's rights. The court, doubtless, observed the extent of plaintiff's weeping, and he was in a position to decide whether it had any prejudicial effect on the jury. Whether or not it was of sufficient gravity to warrant the discharge of the jury was wholly within the discretion of the court, and its ruling thereon will not be disturbed unless it clearly appears that such ruling was a breach of such discretion. No such abuse is apparent and we rule against defendant on this point. [Stutz v. Milligan, 223 S. W. 128; Ullom v. Griffith, 263 S. W. 876.]

It also follows from what we have said that the court properly overruled motions for a new trial and in arrest, and this charge of error needs no further discussion.

Finally it is charged that the verdict is excessive. Appellate courts are loath to interfere with verdicts of juries unless it appears from the record that the amounts awarded are excessive, for the reason that the trial court and the jury are in much better position than the appellate court to determine the extent of the damages, since they have before them the plaintiff, the injured member and the witnesses. As to the extent of plaintiff's injuries, the record shows the complete severance of the tendons of the two fingers of the injured member and a partial severance of the tendon of the third finger of her right hand; that the use of the hand and wrist is greatly impaired and limited; that there is a scar on the back of her hand; that she is unable to do her housework and in the preparation of meals and cooking which she had been used to doing prior to the injury, she cannot use her right hand. There is testimony to the effect that her wrist and

hand are permanently injured and crippled. Under these circumstances, we are not warranted in disturbing the verdict.

Finding no reversible error of record, it is our duty to affirm the judgment, and it is so ordered. *Bland, J.,* concurs; *Trimble, P. J.,* absent.

